UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTY LISH,<br><br>Defendant. | Case No. 4:10-cr-00100-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Marty Lish's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release). Dkt. 244. The Government opposes the motion. Dkt. 245. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2011, a jury convicted Lish of conspiracy to distribute less than 50 grams of methamphetamine and possession with intent to distribute a controlled substance. Lish was arrested following a traffic stop; officers found methamphetamine and cash in the vehicle. When Lish was searched at the jail officers discovered more methamphetamine on his person. *PSR* ¶ 8. The PSR held

MEMORANDUM DECISION AND ORDER - 1

Lish responsible for 37 grams of actual methamphetamine. *Id.* ¶ 18.

Lish has previous convictions for manslaughter, possession of stolen property, and burglary. *Id.* ¶¶ 37-44. At the time of the offense, Lish was on parole for his previous convictions and he was considered a career offender.

Lish seeks compassionate release because of what he believes is a discrepancy in his sentence compared to similar offenders, the lack of BOP programming due to COVID, and to care for his wife who is suffering from medical issues. Dkt. 244 at 5. Lish is 49 years old and has no underlying health conditions.

Lish has served approximately 11 years of his sentence. His projected release date is January 21, 2023. Lish is currently incarcerated at FCI Memphis, which has 2 inmates and 18 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed March 9, 2021). Lish has an extensive disciplinary record while incarcerated. Dkt. 245-1. The disciplinary infractions include destruction of property, disruptive conduct, assault, and possessing drugs/alcohol.

## LEGAL STANDARD

Lish seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine

MEMORANDUM DECISION AND ORDER - 2

whether a defendant has exhausted his or her administrative remedies. *Id.* The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Lish alleges that he submitted a request to the Warden on September 8, 2020. Dkt. 244 at 3. However, BOP has no record of Lish's request. The

**MEMORANDUM DECISION AND ORDER - 3**

requirement that an inmate petition the Warden for compassionate release is mandatory. Under the statute, the 30-day clock does not start running until the Warden has received the petition. Because the Warden has not received Lish's petition for compassionate release, Lish has not exhausted his administrative remedies.

Even if Lish had exhausted his administrative remedies the Court would still deny his motion. The § 3553(a) factors do not warrant a reduction of Lish's sentence. The Court previously reduced Lish's sentence based on an adjustment to the guidelines. Lish has served a significant portion of his sentence, but he was also considered a career offender and has an extensive criminal history. Further, Lish's post-sentence conduct, and disciplinary record, do not support early release under the § 3553(a) analysis.

Lish has not demonstrated extraordinary and compelling reasons warranting release. He is 49 and has no health conditions that put him at greater risk of COVID. While it is admirable that he seeks to care for his wife, this does not warrant release. To the extent Lish argues there is a discrepancy between his sentence and other offenders who committed drug offenses, the argument fails. Lish had a significant criminal history, and his new sentence was within the guidelines. Further, a discrepancy in sentences between offenders does not create

extraordinary and compelling reasons for release.

## ORDER

**IT IS ORDERED** that Marty Lish's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release) (Dkt. 244) is DENIED.

DATED: March 10, 2021

_____
B. Lynn Winmill
U.S. District Court Judge